UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) CIVIL ACTION NO.<br>) 3: 04-cv-133 |
| v. | )<br>) Jury Trial Demanded<br>) |
| LOWE'S HOME CENTERS, INC. d/b/a VONORE RELOAD DISTRIBUTION CENTER #970, | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

## SETTLEMENT AGREEMENT

### INTRODUCTION

Plaintiff, Equal Employment Opportunity Commission (hereinafter the "Commission"), instituted this action pursuant to charges of discrimination (hereinafter the "charges") filed by Tiffany Carter and Curtis Carter. The charges alleged that Defendant Lowe's Home Centers, Inc., d/b/a Vonore Reload Distribution Center #970 (hereinafter "Lowe's" or "Defendant") failed to hire Tiffany Carter and Curtis Carter because of their race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq. (hereinafter "Title VII"). The Commission did not file this lawsuit as a pattern and practice case.

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of Title VII will be carried out by the implementation of this Settlement Agreement (hereinafter the "Agreement"), (iii) this Agreement is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iv) the terms of this Agreement constitute a fair and equitable settlement of all issues in this lawsuit.

This Agreement constitutes the complete and exclusive agreement between the Commission and Lowe's. No waiver, modification or amendment of any provision of this Agreement shall be effective unless made in writing. No representations or inducements to compromise this action have been made, other than those recited or referenced in this Agreement. In the event this Agreement is not approved or does not become final, it shall not be admissible in evidence in any subsequent proceeding in this action.

This Agreement, being entered with the consent of the parties for purposes of settlement, shall not constitute adjudication on the merits of this lawsuit and shall not be construed as an admission by Lowe's of any violation of Title VII or any executive order, law, rule or regulation dealing with or in connection with race discrimination in employment. Lowe's denies that it violated Title VII in any manner.

IT IS THEREFORE ORDERED, ADJUDGED, and Decreed as follows:

## I. SCOPE AND DURATION OF AGREEMENT

A. This Agreement resolves all claims and issues arising out of Charges 253-A3-00246, Curtis Carter v. Lowe's and 253-A3-00248 and 253-A3-00249 Tiffany Carter v. Lowe's and the Commission's complaint in this cause alleging unlawful employment discrimination by Lowe's. This Agreement shall pertain only to matters arising from Charges 253-A3-00246, 253-A3-00248 and 253-A3-00249 and shall not be in any manner dispositive of any other charges pending before an office of the Commission.

B. The provisions of this Agreement will be effective on the date the Agreement is entered by the Court and shall continue to be effective and binding upon the parties to this action for a period of one year from the date of the entry of this Agreement or until each term has been fulfilled, whichever event occurs last.

C. This Agreement shall be binding upon the parties hereto, their successors and assigns.

D. Lowe's shall affirmatively notify any purchasers of the obligations of this Agreement prior to any sale which may take place.

## II. NONDISCRIMINATION CLAUSE

A. Defendant, its officers, agents, employees, and all persons acting in concert with Defendant will not engage in any employment practice which has the purpose or effect of discriminating against any employee or applicant for employment on the basis of race pursuant to Title VII of the Civil Rights Act of 1964, as amended.

B. Defendant, its officers, agents, employees, and all persons acting in concert with Defendant will not engage in any employment practice which has the purpose or effect of retaliating against any employee or applicant for employment for

participating in any proceeding under Title VII or for opposing discriminatory employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

### III. TRAINING

Lowe's agrees to provide employment-discrimination awareness training to all supervisory and management personnel at its Vonore, Tennessee facility, as well as to any other individuals employed by the Lowe's who participate in the process by which individuals are selected for employment, promotion or discharge by Lowe's at its Vonore, Tennessee, plant, according to the following terms:

(1) The training session will include at least two (2) hours of instruction.

(2) The training will include the following topics: what constitutes employment discrimination in violation of Title VII; how to prevent, identify and remedy employment discrimination; what constitutes retaliation in violation of Title VII; Lowe's policy against employment discrimination and retaliation; and implementation of Lowe's policy against employment discrimination, including procedures and responsibilities for reporting, investigating and remedying conduct an employee believes may constitute employment discrimination;

(3) Lowe's may use an in-house human resources professional to conduct the training session;

(4) Within sixty (60) days after execution of this Agreement by the parties, Lowe's shall submit to the Commission the name, address, and telephone number of the human resources professional together with the date of the proposed training session and a detailed outline of the proposed training. The Commission will

have thirty (30) days after the date of receipt of such information to accept or reject the training proposal. The Commission will not unreasonably withhold its approval of the proposal. If the Commission does not approve the trainer designated by the Lowe's and/or the contents of the training session, the parties shall attempt to resolve the matter and, if unsuccessful, submit the dispute to the Court;

(5) The training session will be conducted within one hundred twenty (120) days after the date of the entry of this Agreement by the Court.

## IV. RELIEF FOR AGGRIEVED PARTIES

A.  In order to resolve all claims and issues arising out of Charges 253-A3-00246, Curtis Carter v. Lowe's and 253-A3-00248 and 253-A3-00249 Tiffany Carter v. Lowe's and the Commission's complaint in this cause alleging unlawful employment discrimination, Lowe's agrees pay a total of sixty thousand dollars ($60,000.00). The Commission will determine the individual distribution of the monies and notify Lowe's within ten (10) days of the approval of this Agreement, by the Court, where to send the checks.

B.  Within ten (10) days of the Commission's notification, Lowe's shall issue checks in amounts determined in accordance with (A).

C.  Copies of the checks issued to shall be contemporaneously forwarded to Katharine W. Kores, EEOC's Regional Attorney, located at the Memphis District Office.

## V. POSTING AND POLICIES

A.  Lowe's agrees to continue to enforce its Diversity Policy at the Vonore Distribution facility, attached hereto as Exhibit A.

B. At all times Lowe's agrees to maintain at its Vonore, Tennessee facility, in a location conspicuous and accessible to all applicants and employees the poster summarizing pertinent provisions of Title VII required by Section 711 of the Civil Rights Act of 1964, as amended, 42 U.S.C.§2000e-10(a).

C. At all times Lowe's agrees to post and maintain at its Vonore, Tennessee facility, in a conspicuous location accessible to all applicants and employees, a copy of its policy and procedure for reporting or preventing discrimination in the workplace.

## VI. COSTS

Each party shall bear its own costs.

DATE: 11/30/05

Thomas Phillips
United States District Judge

Approved:

| For Defendant Lowe's Companies, Inc. | For Plaintiff Equal Employment Opportunity Commission |
|---|---|
| s/ Tim K. Garrett (by permission DS)<br>TIM K. GARRETT<br>TN Bar No. 012083<br>MICHAEL S. MOSCHEL<br>TN Bar No. 016826<br><br>Bass Berry & Sims<br>315 Deaderick Street, Suite 2700<br>Nashville, TN 37238<br>(615) 742-6270 | JAMES L. LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br><br>s/ Katharine W. Kores (by permission DS)<br>KATHARINE W. KORES<br>Regional Attorney<br>TN Bar No. 6283<br><br>s/ Faye A. Williams (by permission DS)<br>FAYE A. WILLIAMS<br>Supervisory Trial Attorney<br>TN Bar No. 011730<br><br>s/ Deidre Smith<br>DEIDRE SMITH<br>Senior Trial Attorney<br>TN Bar No. 018499<br><br>Equal Employment Opportunity<br> Commission<br>1407 Union Avenue, Suite 621<br>Memphis, TN 38104<br>(901) 544-0140<br><br>s/ Sally Ramsey (by permission DS)<br>SALLY RAMSEY<br>Senior Trial Attorney<br>TN Bar No. 18859<br><br>Equal Employment Opportunity<br> Commission<br>50 Vantage Way, Suite 202<br>Nashville, TN 37228<br>(615) 736-2105 |